# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1998 SESSION

**FILED**

September 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| TERRY L. HALL, | ) | |
| | ) | NO. 01C01-9710-CC-00448 |
| Appellant, | ) | |
| | ) | CHEATHAM COUNTY |
| VS. | ) | |
| | ) | HON. ALLEN W. WALLACE, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**CLIFFORD K. MCGOWN, JR.**
113 North Court Square
P.O. Box 26
Waverly, TN 37185
(Appeal Only)

**STEVE STACK**
Assistant District Public Defender
P.O. Box 160
Charlotte, TN 37036-0160

**ALAN R. BEARD**
150 2nd Avenue North, Suite 315
Nashville, TN 37201

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**DAN MITCHUM ALSOBROOKS**
District Attorney General

**JAMES. W. KIRBY**
Assistant District Attorney General
105 Sycamore Street
Ashland City, TN 37015-1806

**OPINION FILED:** _____

**AFFIRMED**

**LEE MOORE,**
**SPECIAL JUDGE**

Petitioner, Terry L. Hall, was indicted on twenty-seven (27) counts of aggravated rape. On April 8, 1991, petitioner pleaded guilty to four (4) counts of rape. He agreed to accept an eight (8) year sentence on each of the four (4) counts of rape with manner of service (concurrent, consecutive or probated) to be determined by the trial court at a sentencing hearing. The sentencing hearing was conducted on May 28, 1991. Petitioner was ordered to serve four (4), eight (8) year sentences. The trial court ran each eight (8) year sentence consecutive to the others. The issue of the sentence was appealed. The Court of Criminal Appeals affirmed the decision of the trial court by order filed on August 5, 1993.

Petitioner subsequently filed a post-conviction petition alleging ineffective assistance of counsel. Petitioner filed a motion for appointment of counsel on July 22, 1994. The motion bears the date of July 15, 1994. The petition for post-conviction relief was forwarded for filing with the motion, although the petition bears a separate date filed stamp. On July 1, 1994, an order was filed appointing the District Public Defender to represent the petitioner. The state filed an answer to the petition for post-conviction relief on August 11, 1994. A hearing was conducted on the petition on April 30, 1997. The trial court dismissed the petition by order entered on May 12, 1997. Notice of appeal was timely filed on May 27, 1997.

After a review of the post-conviction record on appeal and the applicable law, the Court affirms the judgment of the trial court for the reasons stated below.

Petitioner alleges the assistance rendered by trial counsel was ineffective for the reasons stated below.

## INEFFECTIVE ASSISTANCE OF COUNSEL- STANDARD OF REVIEW

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. at 2065; Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Goad v. State, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment. . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense,

3

does not, standing alone, establish unreasonable representation.  However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.  Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley v. State, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea.  The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  474 U.S. at 59, 106 S.Ct. at 370.

**FACTS**

At the post-conviction hearing, petitioner indicated that his trial counsel met with him four (4) or five (5) times when he was going through court.  According to petitioner, trial counsel also met with petitioner's parents and family members.  Although he indicated that he did not understand all the time the things that trial counsel was telling him, he did remember the guilty plea hearing.  He remembered the judge explaining to him his rights.  He remembered the judge telling him he had the right to assistance of counsel and that he had the right to cross-examine the witnesses that the state would call to testify against him.  He also remembered reading this information but indicated that he did not understand it when he read it.  He later indicated that he could not remember  whether the judge had advised him of his rights.  He thought he could remember trial counsel talking to him about having particular witnesses who would testify if he went to trial.  He did not recall whether or not his trial counsel talked to him concerning whether or not he would testify.  He did remember pleading guilty to four (4) counts of rape.  He admitted having oral sex with his six (6) year old daughter and advised the judge accordingly

4

at his guilty plea hearing. He understood from talking to trial counsel that he was going to get eight (8) years on each count and that it would be up to Judge Wallace as to whether or not he would serve all those eight (8) years at one time or whether they would be stacked on top of each other. He indicated, however, that he thought he was going to have an effective eight (8) year sentence. His complaint at the post-conviction hearing was that he got too much time. It appears at the post-conviction hearing that the amount of time to which he was sentenced was his only complaint.

Trial counsel, Allen Beard, indicated that he was an experienced lawyer in criminal defense work in sex crimes while in the service. This case, however, was his first major criminal case after being discharged from the service. He was advised by petitioner's family that petitioner was either retarded or borderline retarded. He requested an evaluation. The evaluating psychiatrist indicated that petitioner was borderline but was not incompetent to stand trial. Petitioner was charged with twenty-seven (27) counts of aggravated rape. He negotiated a plea for four (4) counts of rape with the judge determining whether or not the sentences were to run concurrently, consecutively or to be probated. Trial counsel indicated that he discussed this disposition of the various cases with petitioner and his family. He indicated that at the same time Mr. Hall's family also tried to explain to him what was going on. Trial counsel was pretty satisfied that petitioner had an understanding of the eight (8) year sentences and his family understood perfectly. His plan of defense was toward mitigation of sentencing as he was satisfied that there was "liability." He felt like the effective sentence would probably be eight (8) to sixteen (16) years although he indicated that he advised petitioner that he could be looking at thirty-two (32) years as a realistic possibility.

When questioned as to whether or not he should have pursued a motion to suppress that he had filed, he indicated that he would probably pursue the motion. He felt as if it were pretty strong. He indicated that at some point during questioning

5

that Mr. Hall had requested an attorney. He later indicated that at the point when the request was made there was probably enough on the record that Mr. Hall was damaged. There was certainly a danger of conviction even if they had stopped the questioning at that point. His only other option other than the plea bargain would have been to go to trial where there was a substantial liability or exposure to his client. He felt like Mr. Hall knew the options as well as he could. He also indicated that a lot of times Mr. Hall would surprise you with what he knew and other times you might think he would know nothing.

After petitioner was sentenced to consecutive eight (8) year sentences, he filed a Rule 31 motion to reconsider at which time the trial court heard proof from another psychiatrist. The proof from the other psychiatrist, however, was not in the post-conviction record. The court thereafter denied the petition indicating that trial counsel had done a good job in that the situation was mitigated greatly because petitioner had originally been charged with twenty-seven (27) counts of aggravated rape and entered a plea to four (4) counts of rape with an agreed eight (8) year sentence on each count.

## CONCLUSION

Although there were several issues raised in the original petition for post-conviction relief, the only issue raised on appeal is ineffective assistance of counsel regarding the plea of guilty of petitioner. Any other issues raised in the original petition were not briefed or argued on appeal and are, therefore, waived. The essence of the issue raised on appeal centers around whether or not petitioner understood his rights at the time of entering his plea of guilty. The proof in the post-conviction record is clear that trial counsel felt that there was major exposure for petitioner if he went to trial and was convicted. It is also clear that trial counsel felt there was a grave danger of conviction. Trial counsel, therefore, negotiated a plea bargain agreement at a reduced charge. Petitioner was indicted on twenty-seven

6

(27) counts of aggravated rape. The plea bargain agreement was for a plea of guilty to four (4) counts of rape with an agreed eight (8) year sentence on each count. The court was to determine whether the sentences were to run concurrently or consecutively or to be probated. The record is clear that petitioner was advised of the possibility of an effective thirty-two (32) year sentence. Although there is no record of the guilty plea hearing, petitioner admits that he was advised by the trial judge of his constitutional right to trial, counsel and confrontation of witnesses. The only real issue is whether or not petitioner was capable of understanding his rights. The only evidence before this Court is that although petitioner was borderline retarded with an effective I.Q. of 72, he was competent to stand trial. This information also was the only evidence before the trial court at the time the court accepted the guilty plea.

From a review of the post-conviction record, the petitioner has failed to carry his burden of proving that his attorney's performance was deficient or that any such deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Petitioner has further failed to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. In fact, the evidence before us strongly suggests that the petitioner had admitted the facts tantamount to aggravated rape and that he was subject to a possible sentence totaling more than 1,000 years had he gone to trial.

Accordingly, the judgment of the trial court is **AFFIRMED**.

_____
**LEE MOORE, SPECIAL JUDGE**

**CONCUR:**

7

_____
**JOE G. RILEY, JUDGE**


_____
**CURWOOD WITT, JUDGE**

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE**

| | | |
|---|---|---|
| **TERRY L. HALL,** | ) | |
| | ) | C.C.A. No. 01C01-9710-CC-00448 |
| Appellant, | ) | |
| | ) | Cheatham County No. 10995 |
| vs. | ) | |
| | ) | (Post-Conviction) |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **AFFIRMED** |
| Appellee. | ) | |

**JUDGMENT**

Came the appellant, Terry L. Hall, by counsel, and the state, by the Attorney General, and this case was heard on the record on appeal from the Circuit Court of Cheatham County; and upon consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is **AFFIRMED**, and the case is remanded to the Circuit Court of Cheatham County for execution of the judgment of that court and for collection of costs accrued below.

It appears that appellant is indigent. Costs of appeal will be paid by the State of Tennessee.

Per Curiam

Lee Moore, Special Judge
Joe G. Riley, Judge
Curwood Witt, Judge